UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-00196-32-JRG-CRW |
| | ) | |
| SHERRI RENEE HILLMAN | ) | |

**ORDER**

This matter is before the Court on Defendant's Emergency Motion for Medical Furlough [Doc. 762]. According to Defendant's counsel, Defendant has been in pretrial detention in the Laurel County Correctional Center in Kentucky, where she tested positive for COVID-19 on January 2, 2021. Her counsel states that Ms. Hillman, who suffers from chronic obstructive pulmonary disease and emphysema, is now hospitalized; her oxygen levels have dropped; and her physicians placed her on a ventilator this morning. Her counsel now moves the Court to order Defendant's temporary release in the form of "unescorted emergency medical furlough." [Def.'s Mot. at 1].

The Court has been in contact with the United States Probation Office and the United States Marshals Service, and they have confirmed the information that Defendant's counsel has provided to the Court in his motion. They agree that medical furlough is appropriate, and they inform the Court that the United States Attorney's Office does not oppose a medical furlough that lasts for the duration of Defendant's hospitalization. The Court finds that the Defendant has established a medically necessary basis for a temporary release (in the nature of a medical furlough) from the custody of the United States Marshals Service so that she can receive appropriate medical treatment and convalesce.

Defendant's motion [Doc. 762] is therefore **GRANTED**, and it is hereby **ORDERED** that Defendant is **RELEASED** from her current detention at the Laurel County Correctional Center. 18 U.S.C. §§ 3143(a), 3142(i). The United States Probation Office has agreed to and shall monitor Defendant to ensure her presence at the hospital while she is on medical furlough. Defendant **SHALL** provide the Court with at least twenty-four-hours' advance notice of her date of discharge from the hospital, at which time the Court will consider a motion for release on bond if Defendant wishes to file one. If Defendant fails to comply with this Order, or if she leaves the hospital without permission of the Court, she may be considered an escapee under 18 U.S.C. § 4082 and subject to additional criminal prosecution. Defendant's sentencing hearing, which is currently scheduled for Monday, February 1, 2021, is **CANCELLED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
